# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

EULANA BRUNER, )
)
    Petitioner, )
)
v. ) No. CIV 16-535-RAW-KEW
)
ROB FRAZIER, )
Muskogee County Sheriff,[1] )
)
    Respondent. )

## OPINION AND ORDER

Petitioner, a pro se pretrial detainee in the Muskogee County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. A review of the petition shows she is challenging her detention, a detainer, and the decision by the Muskogee County District Court in Case No. CF-2016-945. Although she is requesting her immediate release, the petition does not clearly set forth the reasons why she should be granted a writ of habeas corpus. Therefore, as discussed below, Petitioner shall be required to file a proper amended habeas corpus petition.

Petitioner alleges the Muskogee County District Attorney offered her a plea deal, pending her completion of the Drug Court Program. She claims the state district court judge who presides over the drug court has a history of personal favoritism and is known for taking

---

[1] Because Petitioner is incarcerated in the Muskogee County Jail, the Muskogee County Sheriff is her custodian. *See Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999) (citing Okla. Stat. tit. 19, § 513; tit. 57, § 47) ("Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein."). *See also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, Rob Frazier, Muskogee County Sheriff, is substituted as the respondent in this case, and the case name is hereby changed to Eulana Bruner, Petitioner v. Rob Frazier, Muskogee County Sheriff, Respondent. The Court Clerk is directed to note this substitution on the record.

bribes.

Petitioner is requesting "the immediate suspension of all Muskogee County Judges pending investigation by the Oklahoma State Bureau of Investigation and any other agencies as deemed fit by the Court," as well as "an investigation of all Muskogee County Judicial and Detention Agencies, individuals, and involved parties" (Dkt. 1 at 8). Petitioner, however, "does not have a federal due process right to a police investigation." *Maxey v. Banks*, 26 F. App'x 805, 808 (10th Cir. 2001) (unpublished) (citing *DeShaney v. Winnebago Cty. of Dep't of Soc. Servs.*, 489 U.S. 189, 195-97 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens)). *See also Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) ("[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials.") (citations omitted).

Petitioner also raises additional issues that are not proper for a habeas action. She alleges that in October 2016 the medical staff at the jail misdiagnosed her tooth abscess and gave her medical advice that made her condition worse. After she was treated at a hospital, the jail staff allegedly refused to return her to the hospital for follow-up care, contrary to the hospital physician's orders. She further complains about the following conditions of her confinement at the jail:

> The Muskogee County Jail is overcrowded to almost double capacity and gets 2-3 times capacity regularly; inmates are forced to go hours to days without mats, blankets, towels, hygiene items, and clean jumpsuits. Inmates regularly sleep on the floor, under bunks, and in the shower floor due to the overcrowding. The doors to the cells and pods malfunction and get stuck, won't open, or are simply hanging off their hinges. Inmates are crammed into pods so close together that doors to lockdown and exits are blocked from access, leading to serious safety hazards. The heating and cooling systems

smell like mold and burning wires.

(Dkt. 1 at 7-8).

Petitioner's claims regarding the conditions of her confinement in the jail must be presented in a separate civil rights complaint, pursuant to 42 U.S.C. § 1983. If Petitioner files a civil rights complaint, she also must complete and file with the complaint a new motion for leave to proceed *in forma pauperis* on the Court's form, or pay the $350.00 filing fee and $50.00 administrative fee. If Petitioner files a § 1983 complaint, she may present only claims that are personal to her, and she may not present the claims of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). Forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 are available from the Court Clerk.

**ACCORDINGLY,** Petitioner is directed to file an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on the Court's form within twenty (20) days. The amended petition must include only claims that are proper for a habeas corpus petition, as discussed above. The Court Clerk is directed to send Petitioner the Court's form and instructions for filing a proper amended § 2241 habeas petition in this case. Failure to submit a proper amended habeas corpus petition as directed will result in dismissal of this action.

**IT IS SO ORDERED** this 24th day of April 2017.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**